## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BELINDA STALLINGS-FIELDS, ) <br> Lieutenant Colonel, U.S. Army, ) <br> 15104 Golf View Drive ) <br> Haymarket, VA 20169 ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> The Honorable DANIEL P. DRISCOLL, ) <br> *in his official capacity as* ) <br> SECRETARY OF THE ARMY, ) <br> 101 Army Pentagon, ) <br> Washington, DC 20310–0101 ) <br> ) <br> *Defendant.* ) | Civil Action No. 1:26-cv-487. |

## COMPLAINT

### *Jurisdiction*

1. This Court has jurisdiction under the Mandamus Act, 28 U.S.C. §1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 and under 5 U.S.C. § 706(1), which together provide for redress in the district courts based on agency action unlawfully withheld or unreasonably delayed.

### *Venue*

2. Venue is proper under 5 U.S.C. § 706(1) and 28 U.S.C. §§1361, 1391.

*Parties*

3. Plaintiff, Lieutenant Colonel Belinda Stallings-Fields, is a citizen of the United States whose residence is at the address listed in the caption. At all relevant times, Plaintiff was either on active duty in the United States Army, residing in the United States, or both.

4. Defendant, the Honorable Daniel P. Driscoll, is sued in his official capacity as Secretary of the Army, an agency of the United States which resides at the address listed in the caption. Pursuant to his duties as Secretary of the Army, Defendant is responsible for overseeing decisions of the Army Board for the Correction of Military Records. *See* 10 U.S.C. § 1552(a)(1).

*Statement of the Facts*

5. Belinda Stallings-Fields is a Lieutenant Colonel ("LTC") in the United States Army.

6. On or about March 5, 2024, LTC Stallings-Fields submitted her application to the Army Board for the Correction of Military Records ("ABCMR"), through counsel.

7. LTC Stallings-Fields requested that the ABCMR correct her military record by removing two adverse Officer Evaluation Reports ("OERs") and by removing any reference to LTC Stallings-Fields' relief for cause.

8. The ABCMR is a military correction board within the meaning of and governed by 10 U.S.C. § 1552 *et seq. See, e.g.,* 10 U.S.C. § 1557(f)(1).

9. Under 10 U.S.C. § 1552(a)(1), "[t]he Secretary of a military department may correct any military record of the Secretary's department."

10. Except under certain situations irrelevant to this action (promotion and enlistment), "such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department." *Id.; see also* 10 U.S.C. § 1552(a)(2).

11. All applications received by a military correction board like the ABCMR are required to be decided within 18 months of receipt, unless "the Secretary determines that the application warrants a longer period of consideration." The authority of the Secretary of a military department to make such determination "may not be delegated." 10 U.S.C. § 1557(c); *see* 10 U.S.C. § 1557(b).

12. LTC Stallings-Fields filed a supplementary claim memorandum with the ABCMR, relating back to her original claim, on or about August 5, 2024.

13. As of the date of this filing – more than 18 months after both LTC Stallings-Fields' initial application and her supplementary claim memorandum – the ABCMR has not reached a decision on LTC Stallings-Fields' application.

14. Neither has the Secretary indicated that LTC Stallings-Fields' application "warrants a longer period of consideration." 10 U.S.C. § 1557(c).

## *Plaintiff's First Claim*

**Action in the Nature of Mandamus to Compel Agency Action (28 U.S.C. § 1361).**

15. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

16. Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

17. A court may grant mandamus relief if 1) the plaintiff demonstrates a clear right to relief; 2) the defendant has a clear duty to act; and 3) no other adequate remedy is available to the plaintiff. *Baptist Mem'l Hosp. v. Sebelius,* 603 F.3d 57, 62 (D.C. Cir. 2010).

18. Courts frequently consider the first two requirements in tandem and have held that a mandamus action will lie if a statute imposes a clear and indisputable duty upon an agency to act. *See Lovitky v. Trump,* 949 F.3d 753, 760 (D.C. Cir. 2020).

19. "Mandamus is an appropriate remedy only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *See Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992).

20. Additionally, a court may grant mandamus relief only if a plaintiff shows compelling equitable grounds. *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005).

21. Here, LTC Stallings-Fields is entitled to an action in the nature of mandamus to compel agency action.

22. First, LTC Stallings-Fields has a clear right to such action, and the Defendant Secretary has a clear duty to act. *See Baptist Mem'l Hosp.,* 603 F.3d at 62.

23. Under 10 U.S.C. § 1552(a)(1), "[t]he Secretary of a military department may correct any military record of the Secretary's department."

24. Except under certain situations irrelevant to this action (promotion and enlistment), "such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department." *Id.; see also* 10 U.S.C. § 1552(a)(2).

25. All applications received by a military correction board are required to be decided within 18 months of receipt, unless "the Secretary determines that the application warrants a longer period of consideration." The authority of the Secretary of a military department to make such determination "may not be delegated." 10 U.S.C. § 1557(c); *see* 10 U.S.C. § 1557(b).

26. LTC Stallings-Fields applied to the ABCMR on or about March 5, 2024, and supplemented her application on or about August 5, 2024.

27. LTC Stallings-Fields thus has a clear right to have her ABCMR application decided within 18 months, which has not happened, unless the Secretary made a determination that her application warrants a longer period of consideration, which has not happened either. 10 U.S.C. § 1557(c); *see* 10 U.S.C. § 1557(b).

28. To date, LTC Stallings-Fields has received neither a decision on her application nor any kind of communication indicating that the Secretary believes her application warrants a longer period of consideration.

29. For these reasons, LTC Stallings-Fields has a clear right to a decision from the ABCMR, and the Secretary has a clear duty to compel the ABCMR to make a decision, or provide a statement indicating that he needs more time to consider LTC Stallings-Fields' application. *See Baptist Mem'l Hosp.,* 603 F.3d at 62.

30. Additionally, only the ABCMR, pursuant to its power to correct military records, can grant LTC Stallings-Fields' request to remove two adverse OERs and remove any reference to LTC Stallings-Fields' relief for cause. *See* 10 U.S.C. § 1552(a)(1): "The Secretary of a military department may correct any military record of the Secretary's department…such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department."

31. For this reason, other than a correction to her military record from the ABCMR, no other adequate remedy is available to LTC Stallings-Fields. *See Baptist Mem'l Hosp.,* 603 F.3d at 62.

32. LTC Stallings-Fields has therefore satisfied all three elements for an action in the nature of mandamus to compel agency action. *Baptist Mem'l Hosp.,* 603 F.3d at 62.

33. The Secretary has a clear and indisputable duty to either grant or deny LTC Stallings-Fields' application. *See Lovitky,* 949 F.3d at 760.

34. Under 10 U.S.C. § 1552(a)(1), *et seq.,* LTC Stallings-Fields' entitlement to have her application decided by the Secretary is "clear and certain" and the Secretary's duty to decide the application is "ministerial and so plainly prescribed as to be free from doubt." *See Giddings*, 979 F.2d at 1108.

35. Finally, because LTC Stallings-Fields has no other remedy if she wants her military record corrected than to apply to the Secretary for relief under 10 U.S.C. § 1552(a)(1), LTC Stallings-Fields has demonstrated compelling equitable grounds for relief. *See In re Medicare Reimbursement Litig*., 414 F.3d at 10.

36. For these reasons, LTC Stallings-Fields is entitled to an order in the nature of mandamus compelling the Secretary to decide her application to the ABCMR. *See* 28 U.S.C. § 1361.

### *Plaintiff's Second Claim*

**Action to Compel Agency Action Unlawfully Withheld or Unreasonably Delayed – Violation of 5 U.S.C. § 706(1).**

37. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

38. The Administrative Procedure Act ("APA") requires agencies to conclude matters "within a reasonable time". 5 U.S.C. § 555(b).

39. Under the APA, a federal court may "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. § 706(1).

40. "A § 706(1) claim can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

41. Here, the Secretary has failed to conclude LTC Stallings-Fields' application to correct her military records pursuant to 10 U.S.C. 1552(a)(1) "within a reasonable time." 5 U.S.C. § 555(b).

42. Under 10 U.S.C. § 1552(a)(1), "[t]he Secretary of a military department may correct any military record of the Secretary's department."

43. Except under certain situations irrelevant to this action (promotion and enlistment), "such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department." *Id.; see also* 10 U.S.C. § 1552(a)(2).

44. All applications received by a military correction board are required to be decided within 18 months of receipt, unless "the Secretary determines that the application warrants a longer period of consideration." The authority of the Secretary of a military department to make such determination "may not be delegated." 10 U.S.C. § 1557(c); *see* 10 U.S.C. § 1557(b).

45. Thus, the Secretary was required to make a decision on LTC Stallings-Fields' application – or decide that the application warranted a longer period of consideration – within 18 months of receiving LTC Stallings-Fields' application. 10 U.S.C. § 1557(c); *see* 10 U.S.C. § 1557(b).

46. Upon information and belief, the Secretary has done neither.

47. The Secretary has thus failed to conclude his review of LTC Stallings-Fields' application under 10 U.S.C. § 1552(a)(1) "within a reasonable time." *See* 5 U.S.C. § 555(b).

48. The Secretary has therefore "failed to take a discrete agency action that [he] is required to take." *Norton*, 542 U.S. at 64.

49. As such, this Court may compel the Secretary to make a decision on LTC Stallings-Fields' application, as the Secretary is "unlawfully with[holding] or unreasonably delay[ing]" any action on LTC Stallings-Fields' application. 5 U.S.C. § 706(1).

## *Prayer for Relief*

WHEREFORE, Plaintiff prays that judgment be entered:

(a) Ordering the Secretary to either make a decision on LTC Stallings-Fields' application, or provide a statement indicating that the Secretary needs more time to decide LTC Stallings-Fields' application, and stating the reason(s) why extended time is required; and,

(b) Granting an award of attorney's fees to LTC Stallings-Fields for the costs of bringing this action under the Equal Access to Justice Act (28 U.S.C. § 2412(d)(1)(A), (B)); and,

(c) any other and further relief as the Court may deem, in the circumstances, be just and proper.

Dated: February 13, 2026.                         */s/ Dylan Thayer*

Dylan Thayer
DC Bar No. 90015821
Law Offices of David P. Sheldon, P.L.L.C.
100 M. St. SE, Suite 600
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorney for Appellant*